UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMUNDO FLORES CASTIZO,

    Petitioner,

v.                              Case No.:  2:25-cv-01087-SPC-DNF

PAMELA BONDI *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Raymundo Flores Castizo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Flores Castizo's reply (Doc. 7). For the below reasons, the Court grants the petition.

Flores Castizo is a native and citizen of Mexico who entered the United States without inspection in 2006. He has deep family ties to the United States, including his parents, a U.S. citizen son, and DACA-recipient siblings, and he has no criminal record, except for minor traffic violations. On November 2, 2025, local law enforcement arrested Flores Castizo during a traffic stop. Immigration and Customs Enforcement ("ICE") served Flores Castizo with an arrest warrant and a notice to appear and detained him at Alligator Alcatraz without a bond hearing. After Flores Castizo filed his petition, ICE transferred him to Pearsall, Texas.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Flores Castizo. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Flores Castizo asks the Court to order the respondents to either release him or provide a prompt bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Flores Castizo's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Flores Castizo has a right to a bond hearing. *See Jennings v. Rodriguez,* 583 U.S. 281, 306 (2018)

2

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby

**ORDERED**:

Raymundo Flores Castizo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) On of before **December 20, 2025**, the respondents shall either (1) bring Flores Castizo for an individualized bond hearing before an immigration judge or (2) release Flores Castizo under reasonable conditions of supervision. If the respondents release Flores Castizo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1